**NOT FOR PUBLICATION**                                                          (Doc. No. 13)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
:
RELIANCE STANDARD LIFE                :
INSURANCE COMPANY,                    :
                                      :
                    Plaintiff,        :        Civil No. 09-6533 (RBK/AMD)
                                      :
            v.                        :        **OPINION**
                                      :
NICHOLAS H. NIGRO, III and PATRICK :
MULDER, individually and as the executor :
of the Estate of Paula Mulder,        :
                                      :
                    Defendants.       :
_____ :

**KUGLER**, United States District Judge:

This matter arises out of a dispute regarding the payment of life insurance proceeds.

Presently before the Court is Plaintiff Reliance Standard Life Insurance Company's ("Reliance")

motion for entry of a final decree of interpleader.  Because the Court finds that:  (1) Plaintiff has

no interest in this litigation aside from its obligation to pay $48,000.00 under the terms of the

decedent's life insurance policy, and (2) requiring Plaintiff to remain in this lawsuit will

unnecessarily expose it to litigation or liability, Plaintiff's motion is **GRANTED**.

## I.  BACKGROUND

Paula L. Mulder died on September 30, 2009.  As a result of her death, Reliance is

obligated to pay $24,000.00 in basic life insurance and $24,000.00 in accidental death insurance

proceeds (the "Proceeds") pursuant to a Group Life Insurance Policy Plan and Group Accident

Policy.  Defendants Nicholas H. Nigro III, Patrick Mulder, and the Estate of Paula L. Mulder all

have competing claims to the Proceeds as a result of Ms. Mulder's death.

Reliance filed the Complaint for interpleader relief under Federal Rule of Civil Procedure 22 on December 20, 2009.  (Doc. No. 1).  On January 22, 2010, counsel for Nigro accepted service of process on behalf of Nigro and executed a waiver of summons.  (Doc. No. 4).  Nigro failed to answer Plaintiff's complaint within the time required by Federal Rule of Civil Procedure 4(d)(3).  On January 19, 2010, Patrick Mulder executed a waiver of service of summons, and on June 14, 2010, Patrick Mulder answered the Complaint and filed a cross-claim against Nigro.

The Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) because the life insurance policy that forms the basis of this action is part of a welfare benefit plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 to 1381.  Moreover, the Court has personal jurisdiction over all of the defendants in this litigation because all defendants are residents of New Jersey.

## II.  STANDARD

Federal Rule of Civil Procedure 22 provides in relevant part that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead."  Fed. R. Civ. P. 22(a)(1).  "The purpose of the interpleader device is to allow 'a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'"  Prudential Ins. Co. of Am. v. Hovis, 553 F.3d 258, 262 (3d Cir. 2009) (quoting Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 1704, at 540-41 (3d ed. 2001)).  Thus, the interpleader procedure allows a stakeholder that is liable to at least one claimant, "but fears the prospect of multiple liability[,] . . . to file suit, deposit the property with the court, and withdraw from the proceedings."  Id. (citing Metro Life

Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007)).  By divesting itself of liability for competing claims to the property in dispute, the stakeholder allows " [t]he competing claimants . . . to litigate between themselves" to determine which of them is entitled to recover the property. Metrolife Ins. Co., 501 F.3d at 275.

An interpleader action consists of two discrete stages.  First, "the court determines whether the interpleader complaint was properly brought and whether to discharge the stakeholder from further liability to the claimants."  Hovis, 553 F.3d at 262.  Second, "the court determines the respective rights of the claimants to the interpleaded funds."  Id.  At this juncture, the Court is solely concerned with the first stage of Plaintiff's interpleader action.

Plaintiff seeks an order granting it leave to deposit $48,000.00 into the registry of this Court and dismissing it from the interpleader action with prejudice.  Plaintiff argues that the Court should issue an order of dismissal because:  (1) Plaintiff's sole interest in this lawsuit is the $48,000.00 that it is obligated to pay under the terms of Paula L. Mulder's life insurance policies, and (2) remaining in this action will expose Plaintiff to liability by Nigro, Patrick Mulder, and the Estate of Paula L. Mulder.  Defendants Nigro, Patrick Mulder, and the Estate of Paula L. Mulder do not dispute Plaintiff's request for a final decree of interpleader.

The Court grants Plaintiff's motion for the following reasons.  At the time Plaintiff filed this interpleader action, it faced potential claims to the Proceeds by both Nigro and Patrick Mulder.  Moreover, after Plaintiff deposits $48,000.00 of insurance proceeds into the Court, Plaintiff has no interest in the outcome of the dispute between the remaining defendants. Therefore, because Plaintiff's sole interest in this dispute is its statutory obligation to pay $48,000.00 worth of insurance proceeds to the beneficiary of Ms. Mulder's life insurance policy, and because keeping Plaintiff in this litigation will unnecessarily expose Plaintiff to litigation,

the Court will dismiss Plaintiff from this action.

**III.     CONCLUSION**

For the reasons discussed above, Defendants' motion for a final decree of interpleader is

**GRANTED**.


Date:  March 21, 2011                                    /s/ Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge