IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RELIANCE STANDARD LIFE INSURANCE COMPANY, : : : Plaintiff, : : v. : : NICHOLAS H. NIGRO, III, et al., : : Defendant. : | Civil No. 09-6533 (RBK/AMD) |
| PATRICK MULDER, : : Cross-Claimant, : : v. : : NICHOLAS H. NIGRO, III, : : Defendant. : | **OPINION** |

**KUGLER**, United States District Judge:

This matter arises out of a dispute over the disbursement of proceeds from two life insurance policies. Before the Court is the motion for summary judgment of Patrick Mulder ("Cross-Claimant"). Because the Court finds that (1) Nicholas H. Nigro, III ("Defendant") is disqualified from receiving the proceeds of the policy as beneficiary, and (2) Cross-Claimant, as the policyholder's next surviving legal heir, is entitled by law to the policy proceeds, Cross-Claimant's motion for summary judgment is **GRANTED**.

## I. BACKGROUND

Paula L. Mulder died on September 30, 2009. As a result of her death, Reliance Standard Life Insurance Company ("Reliance") was obligated to pay $24,000.00 in basic life insurance and $24,000.00 in accidental death insurance proceeds (the "Proceeds") pursuant to a Group Life Insurance Policy Plan and Group Accident Policy. Defendant, Cross-Claimant, and the Estate of Paula L. Mulder all have competing claims to the Proceeds as a result of Paula Mulder's death. Since Reliance admitted liability for the $48,000.00, but had no interest in which party receives the Proceeds, Reliance filed the Complaint for interpleader relief under Federal Rule of Civil Procedure 22 on December 20, 2009 (Doc. No. 1), which this Court granted on March 21, 2011 (Doc. No. 13). As a result, Reliance was dismissed from the action after depositing the Proceeds with the Court. Doc. No. 15. Cross-Claimant filed the instant motion for summary judgment on June 29, 2011.

Paula Mulder named Defendant as the beneficiary of the policies on February 2, 2009 and did not have a written trust or will upon her death. Def./Cross-Claimant's Mem. Points & Authorities. Supp. Mot. Summ. J., ¶¶ 6, 9 ("Cross-Claimant's Br."). On April 13, 2011, Defendant was convicted by a jury in the Superior Court of New Jersey, Atlantic County, of murdering Ms. Mulder and her mother, Mari Jane Buri. Id. at ¶7. On May 19, 2011, Defendant was sentenced to 125 years in state prison. Id. Apart from a letter sent to the Court, Defendant has not filed any legal opposition to Cross-Claimant's summary judgment motion.

As noted in the final decree of interpleader, the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)

because the life insurance policy that forms the basis of this action is part of a welfare benefit plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 to 1381. Moreover, the Court has personal jurisdiction over all of the defendants in this litigation because all defendants are residents of New Jersey.

## II. STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). When the Court weighs the evidence presented by the parties, the Court is not to make credibility determinations regarding witness testimony. Sunoco, Inc. v. MX Wholesale Fuel Corp., 565 F. Supp. 2d 572, 575 (D.N.J. 2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

However, to defeat a motion for summary judgment, the nonmoving party must present competent evidence that would be admissible at trial. See Stelwagon Mfg. Co. v. Tarmac Roofing Sys., 63 F.3d 1267, 1275 n.17 (3d Cir. 1995). "A party's failure to make a showing that is 'sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' mandates the entry of summary judgment." Watson v. Eastman Kodak Co., 235 F.3d 851, 857-58 (3d

Cir. 2000) (quoting Celotex Corp., 477 U.S. at 322).  Even when a motion for summary judgment appears to be unopposed, the Court must still determine whether it has been properly made and supported by the moving party.  Hooks v. Schultz, 2010 U.S. Dist. LEXIS 7344, *11 (D.N.J. January 29, 2010).

III. **DISCUSSION**

   A. **Defendant's Eligibility**

Cross-Claimant argues that Defendant is not entitled to the Proceeds because, although Defendant is the named beneficiary on the life insurance policies, he is ineligible to collect the proceeds under New Jersey law since he has been convicted of murdering Ms. Mulder.  Cross-Claimant properly cites New Jersey's "slayer" statute to support this proposition:

> An individual who is responsible for the intentional killing of the decedent forfeits all benefits under this title with respect to the decedent's estate . . . . If the decedent died intestate, the decedent's intestate estate passes as if the killer disclaimed his share.

N.J. Stat. § 3B:7-1.1(a).  In his letter dated July 1, 2011, Defendant requests that the Court wait to disburse the Proceeds pending the appeal of his criminal conviction.  As Cross-Claimant notes, Defendant's conviction on April 13, 2011 of intentionally killing Ms. Mulder is conclusive for purposes of this statute.  N.J. Stat. § 3B:7-6.  The Court therefore finds that Defendant is not eligible to receive the Proceeds.  The Proceeds shall be disbursed as though Defendant disclaimed his share.

   B. **Paula Mulder's Estate**

Cross-Claimant further states that he is entitled to the Proceeds as the next surviving legal heir of Paula Mulder.  The Court finds that the relevant statutes and written instruments confirm this claim.  N.J.S.A. 3B:9-8(a)(2) states that when property is

disclaimed by a beneficiary, it devolves "as if the disclaimant had died before the effective date of the instrument or contract." The insurance policy's Beneficiary Designation form directs that "in the event that the beneficiary does not survive the insured, benefit payment will be made to the estate." Compl. Ex. E. Here, since Defendant is considered to have disclaimed his share, he is considered to have died before Ms. Mulder was entitled to the Proceeds. Following the Beneficiary Designation form, the Court finds that the Proceeds will go to Ms. Mulder's estate.

Ms. Mulder died intestate and had no spouse, mother, children, or grandchildren at the time of her passing. Cross-Claimant's Material Facts Not in Dispute, ¶¶ 5-6. The Proceeds are the only assets in contention. Cross-Claimant's Br., ¶ 10. New Jersey law clearly sets out the order of distribution for intestate estates:

> Any part of the intestate estate not passing to the decedents surviving spouse or domestic partner . . . passes in the following order to the individuals designated below who survive the decedent:
>
> a. To the decedents descendants by representation;
>
> b. If there are no surviving descendants, to the decedent's parents equally if both survive, or to the surviving parent . . . .

N.J.S.A. 3B:5-4 (Intestate Shares of Heirs Other than Surviving Spouse or Domestic Partner). Moreover, "[i]n the absence of a surviving spouse, domestic partner, or surviving descendents, parents are next in line to receive the estate of an intestate child." New Jersey Div. of Youth and Family Services v. M.W., 398 N.J. Super. 266, 290 (App. Div. 2007). Following the statute, the Court finds that Cross-Claimant is the individual entitled to the Proceeds.

## IV. CONCLUSION

For the reasons set forth above, Cross-Claimant's motion for summary judgment is **GRANTED**, and he is awarded $48,000.00 together with any interest accrued, less any fees due. An accompanying order shall issue today.


Date: 2/23/2012                                                    /s/ Robert B. Kugler
                                                                   ROBERT B. KUGLER
                                                                   United States District Judge